UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FREDERICK EARL JOHNSON,

      Petitioner,

v.                                    Case No. 2:08-cv-147
                                    HON. ROBERT HOLMES BELL

GERALD HOFBAUER,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner Frederick Earl Johnson filed this petition for writ of habeas corpus challenging his prison sentence for one count of possession with intent to deliver less than 50 grams of cocaine contrary to MCL § 333.7401(2)(a)(iv) and one count of felony firearm contrary to MCL § 750.227(b). Petitioner, after pleading guilty, received a sentence of 21 months to 30 years in prison on the delivery of cocaine charge and a consecutive 2 years on the felony firearm charge. Petitioner was sentenced as a second habitual offender in violation of MCL § 769.10. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision. In accordance with 28 U.S.C. § 636(b), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of prisoner petitions, I am recommending that this petition for writ of habeas corpus be denied.

      Petitioner claims:

      I. Whether the defendant's sentence was invalid because it was based on inaccurate information, i.e., improper scoring of the legislatively imposed sentencing guidelines, and use of an incorrect burden of proof and insufficient facts; therefore, violating his due process rights.

II. Whether correctly scoring the guidelines would require resentencing.

III. Whether the defendant received ineffective assistance of trial counsel.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case

differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner claims that his constitutional rights were violated because his sentence was based on inaccurate information. Petitioner claims that he should be re-sentenced because the

sentencing guidelines were improperly scored. Petitioner also claims that he received ineffective assistance of trial counsel.

Generally, errors in sentencing do not present a federal issue cognizable in habeas corpus proceedings. *See Johnson v. Arizona*, 462 F.2d 1352 (9th Cir. 1972); *Pringles v. Beto*, 424 F.2d 515 (5th Cir. 1970). To the extent that petitioner challenges the correctness of his sentence on the basis of state law, petitioner is not entitled to habeas review unless there has been a fundamental miscarriage of justice. *See Bagby v. Sowders*, 894 F.2d 792 (6t Cir.), *cert. denied*, 496 U.S. 929 (1990).

MCL § 333.7401 provides for punishment of imprisonment for not more than 20 years or a fine of not more than $25,000.00, or both. As a second habitual offender petitioner could receive a maximum sentence of up to 30 years. MCL § 769.10. Additionally, MCL § 750.227b provides a punishment of imprisonment for 2 years for carrying or possessing a firearm when committing or attempting to commit a felony. Petitioner's sentence was within the statutory maximum. In *Haynes v. Butler*, 825 F.2d 921, 923-24 (5th Cir. 1987), *cert. denied*, 484 U.S. 1014 (1988), the court explained.

> [A] state trial court's sentencing decision and claims arising out of the decision are not generally constitutionally cognizable, relief may be required where the petitioner is able to show that the sentence imposed exceeds or is outside the statutory limits, or is wholly unauthorized by law. *E.G., Bozza v. United States*, 330 U.S. 160, 166, 67 S.Ct. 645, 648-49, 91 L.Ed. 8181 (1947); *United States v. Jackson*, 696 F.2d 320, 321 (5th Cir. 1983); *Willeford v. Estelle*, 538 F.2d 1194, 1196-97 (5th Cir. 1976). If the sentence is within the statutory limits, the petitioner must show that the sentencing decision was wholly devoid of discretion or amounted to an "arbitrary or capricious abuse of discretion," or that an error of law resulted in the improper exercise of the sentence's discretion and thereby deprived petitioner of his liberty.

*Id.* at 923-24.

Petitioner relies on *Blakely v. Washington*, 542 U.S. 296 (2004), arguing that any increase in a sentence imposed based on facts not submitted to a jury is unconstitutional. However, the issue presented in *Blakely* was the constitutionality of a statute which set out a guideline range of sentences, but permitted a court to impose a sentence in excess of those guidelines based on facts not submitted to a jury. In Michigan, a court does not have the authority to exceed the statutorily authorized sentence, and the sentences imposed here by the trial court do not exceed the statutorily authorized ranges. Therefore, *Blakely* is not applicable. Petitioner's sentence does not exceed the statutory limit nor has petitioner shown that the sentence amounted to an arbitrary and capricious abuse of discretion.

Petitioner claims that he received ineffective assistance of counsel at sentencing. In order to prevail on a claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938, 110 S. Ct. 334 (1989) (citing *Strickland v. Washington*, 466 U.S. 668, 688-96, 104 S. Ct. 2052, 2065, 69, 80 L. Ed. 2d 647 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a

petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Petitioner was sentenced properly as a second habitual offender. The Michigan courts have rejected petitioner's challenges to the guideline scoring. Petitioner has not shown that counsel erred by failing to object to the guideline scoring. Counsel argued for a sentence on the low side of the guideline range. Petitioner has not provided any valid basis for his claim that counsel was ineffective for failure to make meritless challenges to the guideline scoring. The undersigned concludes that petitioner's ineffective assistance of counsel claim is without merit.

In summary, the undersigned concludes that petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability. .

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: June 30, 2010